IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, <br><br> Plaintiff, <br><br> v. <br><br> ELIZABETH HARING, et al., <br><br> Defendants. | Case No. 5:23-cv-028 <br><br> By:   Michael F. Urbanski <br> Chief United States District Judge |

## MEMORANDUM OPINION

On February 21, 2023, plaintiff U.S. Bank National Association as Trustee ("U.S. Bank") initiated an unlawful detainer action in state court. On May 15, 2023, defendant Elizabeth Haring ("Haring"), proceeding pro se, filed a notice of removal to this court. Def.'s Notice of Removal, ECF No. 1. On June 2, 2023, U.S. Bank filed a motion to remand on the grounds that Haring's notice of removal was untimely. Pl.'s Mot. to Remand, ECF No. 3. Having carefully reviewed the record and the relevant legal authority, the court **GRANTS** U.S. Bank's motion to remand, ECF No. 3, and **REMANDS** this action to state court.[1]

### I.

U.S. Bank filed a Summons for Unlawful Detainer (Civil Claim for Eviction) in Shenandoah General District Court on February 21, 2023, for a property in Basye, Virginia. See Summons & Executed Return, Case No. GV-23-187 (Shenandoah Gen. Dist. Ct. filed

---

[1] The court previously issued an Order referring motions to the United States Magistrate Judge. Order, ECF No. 16. As the court has considered the pending motion itself, the July 21, 2023, referral Order, ECF No. 16, is **VACATED**.

1

Feb. 21, 2023), ECF No. 5, at 3. The summons alleges that Haring, Charles Yeh, Charles Coomes, and "All Occupants" are "unlawfully detain[ing] and withhold[ing]" from U.S. Bank the property located at 53 Leigh Court, Basye, Virginia, following foreclosure. Id.[2]

On February 23, 2023, service was attempted on "Haring, Elizabeth – All Occupants." Id. at 5. "Being unable to make personal service," the process server delivered the summons to co-defendant Charles Yeh. Id. at 5.[3] On March 1, 2023, a process server attempted to serve Haring at the residence located at 210 Cornwall Street NW, Leesburg, Virginia. Id. at 4. Again "unable to make personal service," the process server posted a copy of the summons at the entrance of the residence. Id. Haring indicates that she received the summons that day. Def.'s Opp'n to Mot. to Remand, ECF No. 14, at ¶ 11.

Haring and Yeh then attended the March 20, 2023, initial return date, the date and time for which was provided in the summons. See Summons, ECF No. 5, at 3; Def.'s Notice of Removal, ECF No. 1, at ¶ 4. The state court dismissed Charles Yeh and Charles Coomes as defendants in this action at that hearing. Def.'s Opp'n to Mot. to Remand, ECF No. 14, at ¶ 13. Despite attending the hearing, Haring asserts that she did not learn until May 15, 2023, that the state court had dismissed Yeh and Coomes and that it was not until then that she ascertained that the case was removable. Id. at ¶ 10. Haring filed a notice of removal on May 15, 2023, nearly two months after she first appeared at the initial hearing in state court. Def.'s Notice of Removal, ECF No. 1.

---

[2] This action is part of an ongoing dispute between the parties regarding this property, over which this court has previously presided. See Order, U.S. Bank Nat'l Ass'n as Tr. of Cabana Series III Tr. v. Haring, No. 5:19-cv-088 (W.D. Va. Jan. 27, 2023), ECF No. 104 (granting U.S. Bank's motion for voluntary dismissal).

[3] The executed return indicates that the process server also effected personal service on Yeh at that time. Id. at 5.

In her removal notice, Haring alleges that this court has subject matter jurisdiction based on diversity because (1) U.S. Bank is a citizen of Minnesota and Delaware, Coomes is a citizen of Indiana, Yeh is a citizen of Virginia, and she is a citizen of Pennsylvania, and (2) the amount in controversy—based either on the assessed value of the Basye, Virginia, property, or its potential rental income—exceeds $75,000. Id. at 2–4.

On June 2, 2023, U.S. Bank filed a motion to remand the action to state court on the basis that Haring's removal notice was untimely. Pl.'s Mot. to Remand, ECF No. 3.[4] Haring filed an opposition to the motion on July 13, 2023. Def.'s Opp'n to Mot. to Remand, ECF No. 14. Accordingly, the issues are fully briefed, and the court does not find that a hearing will aid its analysis.

## II.

A defendant may remove any action from a state court to a federal district court if the plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441(a). Because removal implicates "significant federalism concerns," Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004) (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)), courts must "construe removal jurisdiction strictly and resolve doubts in favor of remand," Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008); see also Elliott v. Am. States Ins. Co., 883 F.3d 384, 394 (4th Cir. 2018) ("Doubts about the propriety of removal should be resolved in favor of remanding the case to state court and in doing so, removal statutes must be strictly construed.").

---

[4] U.S. Bank does not appear to dispute that this court has jurisdiction over this matter if removal was timely.

A defendant generally must file for removal within 30 days of receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," the defendant may remove the action within 30 days of receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case . . . has become removable." 28 U.S.C. § 1446(b)(3); see also Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997) (explaining that the 30-day period begins to run "only where an initial pleading reveals a ground for removal"); Hurley v. CBS Corp., 648 F. App'x 299, 304 (4th Cir. 2016) (providing that the 30-day clock does not begin to run until the defendant receives "some indicia of removability"). The burden of establishing timeliness is on the removing party, PurAyr, LLC v. Phocatox Techs., LLC, 263 F. Supp. 3d 632, 635 (W.D. Va. 2016) (Dillon, J.), and "failure to comply with the 30-day limit is grounds for immediately remanding a removed case to state court," FHC Options, Inc. v. Sec. Life Ins. Co. of Am., 993 F. Supp. 378, 380 (E.D. Va. 1998).

U.S. Bank argues that Haring's removal notice was untimely because the 30-day window during which she could remove the action began upon the service of summons on February 24, 2023,[5] or upon her appearance at the initial hearing on March 20, 2023. Pl.'s Mot. to Remand, ECF No. 3, at ¶ 10. Because she filed her removal notice on May 15, 2023, more than 30 days after those dates, U.S. Bank asserts that the court must remand the action to state court.

---

[5] U.S. Bank does not explain why it argues that Haring was served on February 24, 2023, when the summons indicates that the attempts to serve Haring were on February 23, 2023, and March 1, 2023. See Summons, ECF No. 5, at 4–5.

Haring, who bears the burden of establishing timeliness, argues that her removal notice was timely because her 30-day removal window did not begin until she learned on May 15, 2023, that the state court had dismissed Coomes and Yeh as defendants from the action, making the case removable based on diversity jurisdiction. Def.'s Opp'n to Mot. to Remand, ECF No. 14, at ¶¶ 6, 10.[6] To establish removal based on diversity of citizenship,[7] the removing party must plead that the amount in controversy exceeds $75,000 and that the dispute is between citizens of different states. 28 U.S.C. § 1332. Importantly, however, an action removable solely based on diversity jurisdiction "may not be removed if any of the parties in

---

[6] Haring argues in the alternative that her 30-day removal window did not begin until she received U.S. Bank's Bill of Particulars on April 16, 2023, because a summons cannot constitute the "initial pleading" under 28 U.S.C. § 1446(b)(1). This court has concluded in a prior dispute between these parties that the summons serves as the initial pleading under 28 U.S.C. § 1446(b)(1). U.S. Bank Nat'l Ass'n as Tr. of Cabana Series III Tr. v. Haring, No. 5:19-CV-088, 2020 WL 5531492, at *17–18 (W.D. Va. Sept. 8, 2020) (Hoppe, M.J.), adopted in its entirety (W.D. Va. Sept. 24, 2020). In fact, there, Haring did not dispute that the summons was the initial pleading. Instead, she argued that she was not properly served with the summons under Virginia law and, therefore, her 30-day removal window did not trigger until the following week when she appeared at the initial hearing in the action. Id. at *10, 27 ("The parties disagree whether Haring received [the summons] 'through service' on October 15, 2019, as U.S. Bank maintains, or whether she received it on October 21, because the bank's attempted service was invalid under Virginia law, as Haring maintains."). Haring's assertion that the Bill of Particulars revealed the grounds for removal also fails because Haring does not identify any new information in the Bill of Particulars that was not already available to her in the summons. Accordingly, the court rejects Haring's argument that the summons cannot constitute the initial pleading under 28 U.S.C. § 1446(b)(1).

[7] In her removal notice, Haring asserts that this court has original jurisdiction over the state court proceeding on both federal question and diversity grounds. Def.'s Notice of Removal, ECF No. 1. Haring argues that this unlawful detainer action "arises under and involve[s] an interpretation of the US Constitution, Federal laws, including the bankruptcy code, Dodd Frank, the HAMP rules, and the ADA." Def.'s Notice of Removal, ECF No. 1, at 9. As the court has previously explained to Haring, "[t]he fact that questions of federal law happened to come up in state-court litigation is not enough to confer original jurisdiction over the action—rather, 'a plaintiff's ability to establish the necessary elements of his state law claims must rise or fall on the resolution of a question of federal law.'" Twin Trees, LLC v. Haring, No. 5:19-cv-003, 2019 WL 1983825, at *7 (W.D. Va. Apr. 1, 2019) (Hoppe, M.J.) (quoting Pinney v. Nokia, Inc., 402 F.3d 430, 449 (4th Cir. 2005)); see also U.S. Bank Nat'l Ass'n as Tr. of Cabana Series III Tr. v. Haring, No. 5:19-CV-088, 2020 WL 5531492, at *1 n.3 (W.D. Va. Sept. 8, 2020) (Hoppe, M.J.). Because U.S. Bank's complaint sets out a "pure state-law claim for unlawful detainer," "U.S. Bank could not have invoked federal-question jurisdiction to bring this matter in federal court." U.S. Bank Nat'l Ass'n as Tr. of Cabana Series III Tr., 2020 WL 5531492, at *1 n.3 (quoting Twin Trees, LLC, 2019 WL 1983825, at * 6). Accordingly, Haring's notice of removal based on federal question jurisdiction is without merit, and the court will assess timeliness of removal as to diversity jurisdiction only.

interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, Haring appears to establish that diversity exists among U.S. Bank and all three defendants, asserting that U.S. Bank is a citizen of Minnesota and Delaware, she is a citizen of Pennsylvania, Coomes is a citizen of Indiana, and Yeh is a citizen of Virginia. Def.'s Notice of Removal, ECF No. 1, at 2–4. However, pursuant to 28 U.S.C. § 1441(b)(2), the case was not removable until Yeh—the Virginia citizen—was dismissed at the return date on March 20, 2023.[8]

Haring asserts that she did not learn that Yeh had been dismissed at the March 20, 2023, initial hearing until May 15, 2023. Def.'s Opp'n to Mot. to Remand, ECF No. 14, at ¶ 10. However, Haring's own representations defeat her argument. In her filings, Haring acknowledges (1) that she and Yeh attended the March 20, 2023, state court hearing, Def.'s Notice of Removal, ECF No. 1, at ¶ 4; (2) that, at that hearing, Yeh "advised [the court] that he [was] not in possession of the property," that "he no longer occupied the property," and that "he had vacated the property as of March 4, 2023," Def.'s Answer, ECF No. 5-2, at ¶ 5; and (3) that the state court then dismissed Yeh and Coomes from the action at the hearing, Def.'s Opp'n to Mot. to Remand, ECF No. 14, at ¶ 13.[9]

Accordingly, pursuant to the Fourth Circuit's instruction to "construe removal jurisdiction strictly and resolve doubts in favor of remand," Palisades Collections LLC, 552

---

[8] She also pleads that the amount in controversy exceeds $75,000, as the subject property has a fair rental value of $8.9 million or, in the alternative, the property's "current Shenandoah County tax assessment is $233,000," both of which surpass the required threshold. Def.'s Notice of Removal, ECF No. 1, at 2–4; see also U.S. Bank Nat'l Ass'n as Tr. of Cabana Series III Tr. v. Haring, No. 5:19-CV-088, 2020 WL 5531492, at *17 (W.D. Va. Sept. 8, 2020) (Hoppe, M.J.), adopted in its entirety (W.D. Va. Sept. 24, 2020) (concluding that Haring sufficiently pled that the amount in controversy exceeded $75,000).

[9] U.S. Bank's Bill of Particulars similarly states that "Charles Yeh appeared at the [March 20, 2023,] return date herein and advised that he is not in possession of the property." ECF No. 5, ¶ 5.

6

F.3d at 336, the court finds that Haring's 30-day window to remove this action began to run when the state court dismissed Yeh as a co-defendant at the same March 20, 2023, hearing that Haring attended. Haring's notice of removal, which she filed nearly two months later, is therefore untimely.

### III.

The court **GRANTS** U.S. Bank's motion to remand, ECF No. 3, and **REMANDS** this action to state court.

An appropriate Order will be entered.

Entered: February 21, 2024

Michael F. Urbanski
Chief United States District Judge